21-780-cv
*King v. State of New York*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand twenty-two.

PRESENT:    GUIDO CALABRESI,
    JOSÉ A. CABRANES,
    JOSEPH F. BIANCO,
                *Circuit Judges.*

_____

LYNN S. KING,

                *Plaintiff-Appellant,*                                    21-780-cv

                v.

STATE OF NEW YORK, by Governor Kathy Hochul in care of Kathy Hochul, BRUCE A. HIDLEY, Albany County Clerk, DR. MARY T. BASSETT, Commissioner of the New York State Department of Health,

                *Defendants-Appellees,*

DANIELLE GILLESPIE, Albany City Clerk, HENRY S. KING, JR.,

                *Defendants.*[*]

_____

_____

[*] The Clerk of Court is directed to amend the caption as set forth above.

1

FOR PLAINTIFF-APPELLANT: LEWIS B. OLIVER, JR., Oliver Law Office, Albany, NY.

FOR DEFENDANTS-APPELLEES: KATE H. NEPVEU (Barbara D. Underwood, Jeffrey W. Lang, *on the brief*), *for* Letitia James, Attorney General, State of New York, Albany, NY, *for State of New York, by Governor Kathy Hochul in care of Kathy Hochul, Dr. Mary T. Bassett, Commissioner of the New York State Department of Health.*

Kevin M. Cannizzaro, Assistant Albany County Attorney, Albany, NY, *for Bruce A. Hidley, Albany County Clerk.*

Appeal from an order and judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the District Court be and hereby are **AFFIRMED**.

Lynn King appeals from an order and judgment dismissing her Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of standing. Ms. King seeks an order declaring null and void New York's no fault divorce law, N.Y. Dom. Rel. L. § 170(7), and the March 12, 2020 judgment of divorce dissolving her marriage to defendant Henry S. King, Jr. Ms. King alleges that this law and the resulting divorce violated her Free Exercise and Establishment Clause rights by requiring her to become divorced despite her religious belief in marriage until death. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the District Court's judgment *de novo*. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). Marriage is "a civil contract, and usually regulated by law." *Reynolds v. United States*, 98 U.S. 145, 165 (1878); *see also* N.Y. Dom. Rel. L. 10 ("Marriage . . . continues to be a civil contract . . . ."). In regulating marriage, New York may provide "grounds for its dissolution" under the law. *Maynard v. Hill*, 125 U.S. 190, 205 (1888). Because Ms. King alleges only the termination of a civil contract, she has not plausibly alleged that the civil judgment of divorce entered against her "sever[ed] the holy marriage covenant made before God," Compl. ¶ 58, or "chang[ed] her status under . . . the laws of God," *id.* ¶ 61.

As a result, Ms. King lacks standing to bring a Free Exercise claim because she does not "allege that her own particular religious freedoms [were] infringed." *Altman v. Bedford Cent. Sch. Dist.*,

245 F.3d 49, 71 (2d Cir. 2001) (citation and internal quotation marks omitted); *see also Melki v. Melki*, No. 744, Sept. Term, 2019, 2020 WL 5797869, at *5 (Md. Ct. Spec. App. Sept. 29, 2020) ("Because a trial court granting a divorce merely dissolves a civil contract between the spouses, courts universally hold that no-fault divorce statutes do not infringe on the right to the free exercise of religion, even if a spouse's religious beliefs prohibit no-fault divorces."). Ms. King lacks standing under the Establishment Clause for substantially the same reason: she has not alleged "direct harm" arising from the claimed establishment of religion. *Montesa v. Schwartz*, 836 F.3d 176, 195 (2d Cir. 2016).

We have reviewed all of the remaining arguments raised by Ms. King on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the February 26, 2021 order and judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court